UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rilwan Wilson, | ) |
| | ) Case No. 08 C 523 |
| Plaintiff, | ) |
| | ) Judge Gottschall |
| v. | ) |
| | ) Magistrate Judge Ashman |
| CITY OF CHICAGO, Chicago Police Officers | ) |
| Corey Chapton, Star 16262, Victor Johnson, | ) Jury Trial Demanded |
| Star 19614, Albert Antoniazzi, Star 13961, | ) |
| Hanis Mosi, Star 4382, and Cecil Phillips III, | ) |
| Star, 6657, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendants, Albert Antoniazzi, Cory Chapton, Victor Johnson, Hanif Mosi, and Cecil Phillips, III ("Individual Defendants"), and Defendant City of Chicago ("Defendant City") by and through one of their attorneys, Matthew R. Hader, Assistant Corporation Counsel for the City of Chicago, hereby submit the following Answer, Defenses and Jury Demand to Plaintiff's Complaint:

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Individual Defendants and Defendant City admit the allegations contained in paragraph 1.

2. Jurisdiction for Plaintiff s federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER:** Individual Defendants and Defendant City admit the allegations contained in paragraph 2.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** Individual Defendants and Defendant City admit venue is proper but deny the remaining allegations contained in paragraph 3.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

**ANSWER:** Individual Defendants and Defendant City are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Individual Defendants and Defendant City admit the allegations contained in paragraph 5 but deny any wrongful or illegal conduct.

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** Individual Defendants and Defendant City admit the allegations contained in paragraph 6.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** Individual Defendants and Defendant City admit the allegations contained in paragraph 7.

### Facts

8. On or about August 19, 2006, Plaintiff was at a house party located at or near 11431 South Yale Avenue in the City of Chicago. This was not Plaintiff's home.

**ANSWER:** Individual Defendants and Defendant City admit the allegations contained in paragraph 8.

9. At about 9:00 p.m., Defendant-Officers came to the home to execute a search warrant.

**ANSWER:** Individual Defendants and Defendant City admit the allegations contained in paragraph 9.

10. Plaintiff was not named in the search warrant.

**ANSWER:** Individual Defendants and Defendant City admit the allegations contained in paragraph 10.

11. Without any legal justification, Defendant-Officers seized Plaintiff at gunpoint and searched him. Nothing was found.

**ANSWER:** Individual Defendants and Defendant City admit plaintiff was searched and seized, deny the remaining allegations in this paragraph and further deny the events occurred in the manner and order stated herein.

12. Defendant-Officers later falsely claimed that when they arrived they observed Plaintiff on the porch attempting to conceal an unknown object in a plastic bag in his pocket.

**ANSWER:** Individual Defendants and Defendant City deny the allegations contained in paragraph 12.

13. During the course of the search, Defendant-Officers recovered narcotics for [sic] which they falsely claimed were found on Plaintiff.

**ANSWER:** Individual Defendants and Defendant City admit narcotics were recovered from the plaintiff but deny the remaining allegations contained in paragraph 13.

14. Plaintiff was arrested and charged with possession of ecstasy, a felony.

**ANSWER:** Individual Defendants and Defendant City admit the allegations contained in paragraph 14.

15. The [sic] was not probable cause for such arrest or charges.

**ANSWER:** Individual Defendants and Defendant City deny the allegations

3

contained in paragraph 15.

16. In the subsequent criminal case on June 6, 2007, Plaintiff prevailed on a motion to quash. (See Cook County Circuit Court case 06 CR 204402.)

**ANSWER:** Individual Defendants and Defendant City admit, upon information and belief, that a "motion to quash" was granted in criminal case no. 06CR2044402 on June 6, 2007, in the Cook County Criminal Court, in the criminal case stemming from plaintiff's arrest on August 19, 2006. Individual Defendants and Defendant City are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16.

17. Based on the false charges Plaintiff was incarcerated from November 2006 until his release on June 6, 2007.

**ANSWER:** Individual Defendants and Defendant City deny the allegations contained in paragraph 17.

18. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:** Individual Defendants and Defendant City deny the allegations contained in paragraph 18.

19. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, and special damages including lost wages.

**ANSWER:** Individual Defendants and Defendant City deny the allegations contained in paragraph 19.

## COUNT I
### (42 U.S.C. § 1983 - False Arrest/Imprisonment)

20. Plaintiff realleges paragraphs 1 through 19 as if fully set forth herein.

**ANSWER:** Individual Defendants and Defendant City restate their Answers for

paragraphs 1 through 19 herein as their Answer to paragraph 20 of Count I as if fully stated herein.

21.     The actions of Defendant-Officers in arresting Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:**     Individual Defendants and Defendant City deny the allegations contained in paragraph 21.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor and against Plaintiff on Count I, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

## COUNT II
### (State Law Claim for Malicious Prosecution)

22.     Plaintiff realleges paragraphs 1 through 19 as if fully set forth herein.

**ANSWER:**     Individual Defendants and Defendant City restate their Answers for paragraphs 1 through 19 herein as their Answer to paragraph 22 of Count II as if fully stated herein.

23.     Defendant-Officers instituted charges against Plaintiff for possession of narcotics.

**ANSWER:**     Individual Defendants and Defendant City admit plaintiff was charged with possession of narcotics but deny the remaining allegations contained in paragraph 23.

24.     There was not probable cause for such charges.

**ANSWER:**     Individual Defendants and Defendant City deny the allegations contained in paragraph 24.

25.     The charges were terminated in a manner favorable to Plaintiff.

**ANSWER:**     Individual Defendants and Defendant City deny the allegations

5

contained in paragraph 25.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor and against Plaintiff on Count II, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

## COUNT III
### (State Law *Respondeat Superior* Claim)

26.   The acts of the individual Defendant-Officers described in the supplementary state law claims specified above were willful and wanton, and committed in the scope of employment.

**ANSWER:**   Individual Defendants and Defendant City admit the Individual Defendants were at all times acting within the scope of their employment but deny the remaining allegations contained in paragraph 26 and further deny any wrongful or illegal conduct.

27.   Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

**ANSWER:**   Individual Defendants and Defendant City admit the doctrine of *respondeat superior* attributes liability to the Defendant City as principal for its agents actions committed within the scope of employment but deny that the Individual Defendants committed any wrongful or illegal act.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor and against Plaintiff on Count III, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

28.   The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:**   Individual Defendants and Defendant City admit the Individual

6

Defendants were at all times acting within the scope of their employment. Individual Defendants and Defendant City deny the remaining allegations contained in paragraph 28.

29. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:** Individual Defendants and Defendant City deny the allegations contained in paragraph 29 and further deny any wrongful or illegal conduct.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor and against Plaintiff on Count IV, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

### DEFENSES, 12(b)(6) DEFENSES and AFFIRMATIVE DEFENSES

1. Individual Defendants are entitled to qualified immunity. Individual Defendants are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Individual Defendants could have believed their actions to be lawful, in light of clearly established law and information that Individual Defendants possessed. Therefore, Individual Defendants are entitled to qualified immunity as a matter of law.

2. Individual Defendants are not liable for any injury allegedly caused by instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-208.

3. Individual Defendants are not liable for injuries arising out of the exercise of discretionary acts. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

4. Plaintiffs cannot establish willful and wanton misconduct on the part of Individual Defendants; therefore Individual Defendants are immune from suit. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

5. Individual Defendants are not liable for any injury caused by the acts or omissions of another person. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

6. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful or wanton behavior, as opposed to "intentional" willful or wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows*, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

7. As to plaintiff's state law claims, the Individual Defendants are not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979)(internal citations omitted).

8. Individual Defendants are not liable for any injury arising out of their entry upon any property where such entry is expressly or impliedly authorized by law. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-209.

9. To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, and commensurate with the degree of that failure to mitigate attributed to plaintiff by the jury in this case.

10. Where Individual Defendants had probable cause to arrest Plaintiff for more than one criminal offense, Plaintiff's false arrest claim based upon an arrest for one particular offense must fail even if no probable cause existed for the arrest if probable cause did exist for the arrest of plaintiff on a different criminal offense. *See Devenpeck v. Alfred*, 543 U.S. 146, 153-157 (2004).

11. Plaintiff's Count IV should be dismissed as there is no cause of action for "indemnification." Indemnification, a legal principle in Illinois that provides for liability to an employer for the wrongful acts of an employee, provides no separate or distinct cause of action. Count IV should therefore be dismissed.

12. Plaintiff's claim for malicious prosecution should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has failed to plead sufficiently in order to place the Individual Defendants on notice as to what conduct could form the basis of this claim. Furthermore, plaintiff has failed be plead any plausible set of facts under which plaintiff could prevail on said claim.

13. Plaintiff is estopped from arguing that he was falsely charged with narcotics possession. Plaintiff filed a motion to quash during the subsequent criminal proceeding. The motion was granted by the criminal court judge. The plaintiff is therefore estopped from arguing that he did not possess the drugs or that he was falsely arrested for possession of narcotics.

## JURY DEMAND

The Individual Defendants and Defendant City respectfully request trial by jury.

Respectfully submitted,

  s/ Matthew R. Hader
MATTHEW R. HADER
Assistant Corporation Counsel

30 North La Salle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-9586
matt.hader@cityofchicago.org
Atty. No. 06284330

## CERTIFICATE OF SERVICE

I, Matthew R. Hader, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **DEFENDANTS' ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT,** to be sent via e-filing to the person(s) named in the foregoing Notice, a "Filing User" pursuant to Case Management/Electronic Case Files, on April 25, 2008, in accordance with the rules on electronic filing of documents.

    s/ Matthew R. Hader
MATTHEW R. HADER
Assistant Corporation Counsel